SOLOMON v. SALY.

1. ATTACHMENTS—MONEY IN LIEU OF PROPERTY.
A defendant, if he does not desire his property seized and taken into custody under a writ of attachment, may turn over sufficient money to satisfy the claim and costs, and have it subjected to the writ to abide the decision upon the attachment.

2. PRESUMPTION.
In the absence of a bill of exceptions containing the evidence upon an issue it will be presumed that the order complained of was warranted by the facts.

3. EXCEPTIONS, HOW PRESERVED.
Exceptions can be preserved only by bill of exceptions.

*Appeal from the County Court of Arapahoe County.*

Mr. ALFRED MULLER, for appellant.

Mr. J. E. ROBINSON, for appellee.

THOMSON, J., delivered the opinion of the court.

Solomon commenced an action against Saly, before a jus-
tice of the peace, to recover an indebtedness of $95.00, and
caused a writ of attachment to be issued, by virtue of which
certain property of the defendant was seized.    The return of
the constable recites the levy, and the release of the attached
property, upon payment to the justice of $105.    The affidavit
in attachment was traversed and a trial of the issue thus
made was had, resulting in the dissolution of the attachment.
Judgment was rendered in plaintiff's favor upon his cause of
action.    The plaintiff appealed the cause to the county court.
The money deposited with the justice followed the appeal.
In the county court the defendant moved for leave to file
a forthcoming bond, and for an order releasing the money
deposited upon the filing of the bond; and, by agreement
of counsel for the respective parties, this motion was set for
hearing.    Afterwards, by agreement of parties, the hearing
was postponed to a subsequent time.    On the day fixed by
the last order, the plaintiff filed a motion, stating that it was
based on " the returns and writs in the case," to strike out
the traverse of the affidavit in attachment for the reason that
it was irrelevant and immaterial.    No action appears to have
been taken upon defendant's application for leave to file a
forthcoming bond.

A trial was had of the issue made by the traverse, which
resulted in an order dissolving the attachment and judgment
against the plaintiff for costs.    Judgment was then given in
his favor for the amount of his claim.    This appeal is from
the judgment against the plaintiff upon the attachment.

The appellant assigns for error the denial of his motion to
strike out the traverse to the affidavit in attachment, and the
judgment against him upon the issue made by the traverse.
There is no bill of exceptions in the record, and we do not
know upon what evidence the court sustained the traverse.
We must therefore assume that it was sufficient.

The motion to strike, upon its face, is not predicated upon

any tangible reasons.    Those assigned are that the traverse is irrelevant and immaterial; but it is simply a denial of the grounds of attachment set forth in the affidavit, and is therefore both relevant and material.    In counsel's argument, however, he sets forth the reasons in full why, in his opinion, the motion should have been sustained.    These are that the statutory method of releasing attached property is by the giving of a forthcoming bond, that money cannot be received in lieu of a bond, and that its payment to the justice, and the resultant release of the property, was a conclusive admission of every fact necessary to the recovery of the judgment, and the sustaining of the attachment.    The difficulty here is that the record seems to justify an inference that the money was not intended to take the place of a bond, or to be applied in payment of any judgment which might be rendered, but as a substitute for the property itself; and that by virtue of the arrangement under which it was deposited, the writ of attachment operated upon it instead of the property.    There is no reason why a defendant, if he does not desire his property seized and taken into the custody of an officer, may not turn over sufficient money to satisfy the claim and costs, and have it subjected to the writ to abide the decision upon the attachment.    The subsequent proceedings indicate that this was the purpose for which the money was deposited, and that the plaintiff acquiesced in its substitution for the property.    The proceedings before the justice were conducted upon the hypothesis that it was the money which was attached, and the first time this was questioned by the plaintiff was in the county court, after the defendant moved to release it.    If the question was a proper subject of investigation upon such a motion, it could have been investigated as well in the trial of the issue made upon the affidavit for attachment; and it will be presumed that at that trial everything was inquired into affecting the attachment and the rights of the parties under it, and that the order dissolving the attachment was warranted by the facts.    We would therefore not feel authorized to disturb the judgment, even

if exceptions had been preserved to the rulings complained of. There should have been exceptions to the order dissolving the attachment and the final judgment against the plaintiff for costs. Exceptions can be preserved only by bill of exceptions. *Burnell v. Wachtel*, 4 Colo. App. 556. There is nothing of the kind here, and therefore we could not review the judgment even if the evidence were before us. The judgment will be affirmed.

*Affirmed.*